No. 13-35688

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MONTANA ENVIRONMENTAL INFORMATION CENTER; EARTHWORKS' OIL AND
GAS ACCOUNTABILITY PROJECT; AND WILDEARTH GUARDIANS,

PLAINTIFFS-APPELLANTS

-V.-

UNITED STATES BUREAU OF LAND MANAGEMENT; SALLY JEWELL; JAMIE
CONNELL; AND THERESA M. HANLEY,

DEFENDANTS-APPELLEES

AND

AMERICAN PETROLEUM INSTITUTE; MONTANA PETROLEUM INSTITUTE;
MONTANA CHAMBER OF COMMERCE; AND WESTERN ENERGY ALLIANCE,

INTERVENOR DEFENDANTS-APPELLEES

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MONTANA (HON. SAM E. HADDEN)

**FEDERAL DEFENDANTS-APPELLEES' MOTION TO REMAND**

|  | ROBERT G. DREHER |
|  | Acting Assistant Attorney General |
| Of Counsel: |  |
| KARAN L. DUNNIGAN | ANDREW C. MERGEN |
| Field Solicitor | DAVID C. SHILTON |
| Office of the Solicitor | NICHOLAS A. DIMASCIO |
| U.S. Dep't of the Interior | Attorneys, U.S. Dep't of Justice |
|  | Env't & Natural Resources Div. |
|  | 999 18th St., Suite 370 |
|  | Denver, CO 80202 |
|  | (303) 844-1384 |
|  | nicholas.dimascio@usdoj.gov |

## INTRODUCTION

Federal Defendants-Appellees move to remand this case to district court. In this case, Plaintiffs-Appellants (collectively "the Center") challenge several U.S. Bureau of Land Management ("BLM") decisions to offer oil-and-gas leases for sale in Montana. The district court correctly ruled that the Center failed to demonstrate Article III standing by alleging that BLM's decisions would contribute to global climate change. The Center has shifted focus on appeal, emphasizing that its members will suffer aesthetic and recreational injuries from the surface impacts of oil-and-gas development on certain lease parcels. This Court should remand to the district court so that it may consider the Center's revamped standing argument in light of recent D.C. Circuit authority and, if the district court concludes that the Center has standing, rule on the merits in the first instance.[1]

## BACKGROUND AND PROCEDURAL HISTORY

In 2008, BLM offered and sold 61 oil-and-gas leases in various locations in Montana. The Center challenged BLM's decisions to offer

---

[1] The Center opposes this motion. Intervenor-Defendants were unable to take a position on this motion before filing. Pursuant to 9th Circuit Rule 27-11(a)(3), this motion stays the briefing schedule pending disposition of the motion.

the leases for sale, and BLM agreed in a settlement to suspend the leases and perform additional environmental analysis under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4347. (SER 30.)[2] Six BLM field offices (Billings, Butte, Dillon, Lewiston, Malta, and Miles City) prepared separate environmental assessments analyzing the potential environmental impacts of the suspended leases and, in some cases, considering whether to offer additional parcels for lease in their respective jurisdictions. (ER 30.)

In December 2010, BLM issued 5 decision records concerning the suspended leases. (AR 1–4 (Billings), 249–52 (Butte), 497–500 (Dillon), 944–47 (Malta), 1103–06 (Miles City).)[3] In each decision record, BLM decided whether to maintain or lift the suspensions on the leases. In total, BLM lifted the suspensions on 45 of the leases and partially lifted

---

[2] "ER" refers to the Excerpts of Record filed with Appellants' opening brief on appeal. "SER" refers to the Supplemental Excerpts of Record filed with Intervenor Defendants-Appellees' answering brief. "AR" refers to portions of the administrative record filed as attachments to this motion.

[3] BLM's Lewistown field office also issued a decision concerning the suspended leases. That decision is not at issue in this case because the Lewistown field office decided to maintain the suspension on the only affected lease, and the Center does not challenge that decision. (ER 304.)

the suspensions on 2 leases. Additionally, 3 of the BLM field offices decided to offer new leases for sale. (AR 253–55 (Butte), 719–21 (Lewistown), 1107–09 (Miles City).) In total, BLM decided to offer 119 new leases for sale. The following table summarizes BLM's decisions by field office:

|  | Suspensions Lifted | New Leases Issued |
|---|---|---|
| Billings | 11 | 0 |
| Butte | 4 | 33 |
| Dillon | 7 | 0 |
| Lewistown | 0 | 4 |
| Malta | 2 | 0 |
| Miles City | 23 | 82 |
| Total | 47 | 119 |

The Center filed suit in district court challenging "BLM's decision to lift the suspension entirely on 45 leases and in part on 2 leases" and to offer the additional 119 leases for sale. (ER 304, 334–35.) The Center contended that each of the environmental assessments issued by the BLM field offices violated NEPA. The Center argued that BLM refused to consider attaching stipulations to the leases that would prevent or reduce greenhouse gas emissions. The Center also asserted that BLM had to prepare an environmental impact statement because (1) there is scientific uncertainty over the long-term and short-term impacts of

3

methane emissions from the lease parcels, and (2) the cumulative impacts of surface-based development activities along with the expected effects of climate change on the lease parcels will be significant. (ER 336–41.) The Center requested the district court to "[s]et aside BLM's actions" and "[v]oid or, alternatively, suspend and enjoin the oil and gas leases and further lease sales by BLM in Montana pending full compliance with NEPA, and NEPA's regulations and policies." (ER 341.)

To demonstrate Article III standing, the Center primarily contended that BLM's decisions injured its members because the leases would contribute to climate change. (*See, e.g.*, ER 307–08, 310, 389–94, 396–414.) The Center also contended that the surface impacts of oil-and-gas development would injure its members by impairing their ability to photograph and engage in other aesthetic and recreational pursuits near certain lease parcels. (*See*, *e.g.*, ER 384–88.)

On summary judgment, the district court held that the Center lacked Article III standing because it had not demonstrated that BLM's decisions "will lead to climate change impacts resulting in injury to their recreational and aesthetic interests in lands near the leases." (ER 21.) The district court did not directly address the Center's alleged

4

surface injuries. The district court did note, however, that "all of [the Center's] claims are based upon climate change impacts," not "surface disturbance or on-the-ground activities associated with oil and gas development that are wholly independent of alleged climate change impacts." (ER 10–11 n.19.) The district court subsequently denied the Center's motion to supplement the administrative record as moot (ER 437) and entered judgment against the Center without reaching the merits (ER 23–24).

## ARGUMENT

The district court correctly held that the Center failed to demonstrate Article III standing by alleging that BLM's decisions would contribute to global climate change. In *Washington Environmental Council v. Bellon*, 732 F.3d 1131 (9th Cir. 2013), *reh'g en banc denied*, 741 F.3d 1075 (9th Cir. 2014), this Court recently held that "simply saying that [an agency has] failed to curb emission of greenhouse gases, which contribute (in some undefined way and to some undefined degree) to [plaintiffs'] injuries, relies on an attenuated chain of conjecture insufficient to support standing." *Id.* at 1143 (internal quotation marks omitted). If the Center were to continue to rely on its alleged climate

change injuries in this Court, there would be no question that this Court should affirm.

Recognizing that likely outcome, the Center has shifted strategy and has explicitly abandoned its alleged climate change injuries. (Opening Br. 31 n.13.) The Center now focuses exclusively on "the injuries to its members' interests from the *surface impacts* of lease development." (Opening Br. 31 n.13 (emphasis in original).) Although the Center arguably did plead such injuries in its complaint and did mention such injuries in its district court briefing and declarations, neither the parties nor the district court focused on that category of injuries. BLM did not challenge the Center's standing based on the alleged surface impacts in district court,[4] and the district court did not directly address that category of injuries in its decision.

This Court should remand for the district court to consider the Center's restructured standing argument in the first instance. *See, e.g.*, *Golden Gate Hotel Ass'n v. City & County of S.F.*, 18 F.3d 1482, 1487 (9th Cir. 1994) (remanding to district court because, "[a]s a general rule, a federal appellate court does not consider an issue not passed upon

---

[4] BLM's district court briefs argued that the Center lacked standing based on its alleged climate change injuries.

below" (internal quotation marks omitted)); *United Union of Roofers No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990) (remanding for district court to consider plaintiff's new theory of standing). Remanding here is especially appropriate as it would allow the district court to evaluate the Center's retooled standing theory in light of intervening authority. *See Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc) (explaining that remand in light of intervening authority is a "standard practice" that requires no "special justification" because this Court "operate[s] more effectively as a reviewing court than as a court of first instance"); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 695 (9th Cir. 1996) (court of appeals remanded for district court to consider intervening authority and new standing argument in the first instance).

After the district court issued its decision here, the U.S. Court of Appeals for the D.C. Circuit issued a decision addressing standing under circumstances very similar to this case. *See WildEarth Guardians v. Jewell*, 738 F.3d 298 (D.C. Cir. 2013). In *WildEarth Guardians*, a plaintiff environmental organization brought a NEPA challenge to the climate change analysis in an environmental impact

statement supporting BLM's decision to issue certain mineral leases. The organization asserted that its members would be injured by "the increase in local air, water and land pollution that will result from" the leases. *Id.* at 306. The district court held that such injuries from local pollution did not confer standing to challenge the climate change analysis in the agency's NEPA documents.

The D.C. Circuit reversed on that issue, holding that the district court "sliced the salami too thin" by requiring "that the specific type of pollution causing the Appellants' aesthetic injury—here, local pollution—be the same type that was inadequately considered" in the agency's NEPA document; namely, greenhouse gas emissions. *Id.* at 307. According to the court of appeals, the plaintiff organization had standing because its members' aesthetic and recreational injuries were "caused by the allegedly unlawful ROD [Record of Decision] and would be redressed by vacatur of the ROD on the basis of any of the procedural defects identified" in the NEPA document. *Id.* at 308.

Under the rationale of *WildEarth Guardians*, which BLM finds persuasive, the Center may have standing in this case. According to the Center's declarations, the surface impacts of oil-and-gas development

8

will impair its members' aesthetic and recreational interests in certain lease parcels at issue in BLM's decisions. (*See*, *e.g.*, ER 384–88.) Vacatur of BLM's decisions with respect to those parcels could redress the Center's members' injuries by foreclosing development of the parcels. And consistent with the D.C. Circuit's opinion in *WildEarth Guardians*, BLM does not contend that the Center must allege a climate-change-related injury to attack the climate change analysis in the NEPA documents underlying the decisions at issue.[5]

The district court did not have the benefit of the D.C. Circuit's decision in *WildEarth Guardians* and thus did not evaluate the Center's declarations in light of that decision. This Court should remand so that

---

[5] BLM disagrees, however, with the Center's assertion that once a plaintiff establishes one injury-in-fact, "that person may argue the public interest in support of his claim that the agency has failed to comply with its statutory mandate." (Opening Br. 23–24 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 737 (1972)). The D.C. Circuit expressly avoided that flawed theory in *WildEarth Guardians*, 738 F.3d at 307–08. The public interest concept relied upon by the Center no longer is viable in light of subsequent Supreme Court authority. A plaintiff must base its standing on its own "concrete and particularized" injury-in-fact, *Summers v. Earth Island Inst.*, 555 U.S. 488, 493–94 (2009), and must allege such an injury caused by each government "action" or "decision" it seeks to set aside. *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 351–53 & n.5 (2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 568 (1992). BLM here agrees only that the Center may have standing under the D.C. Circuit's narrower rationale in *WildEarth Guardians*.

the district court can conduct that factual analysis in the first instance. *See, e.g.*, *Immigration Assistance Project v. INS*, 306 F.3d 842, 855 (9th Cir. 2002) (court of appeals remanded to district court to address standing in first instance where plaintiffs "may have alleged facts sufficient to grant them standing" in light of intervening authority); *Cone Corp. v. Hillsborough County*, 5 F.3d 1397, 1399 (11th Cir. 1993) (remand appropriate because attention paid to one standing issue "may have prevented full development of the facts necessary to a standing determination on [another] point[,]" especially in light of intervening authority); *cf. Parks v. Watson*, 716 F.2d 646, 662 (9th Cir. 1983) (speculating that, under a correct view of the law, plaintiff appeared to have statutory standing, but remanding because "the district judge ha[d] not passed upon this factual inquiry"). If the district court concludes that the Center has standing under the rationale of *WildEarth Guardians*, the district court then should rule on the merits in the first instance.

## CONCLUSION

For the foregoing reasons, this Court should remand to the district court.

Respectfully submitted,

ROBERT G. DREHER
 Acting Assistant Attorney General

*/s/ Nicholas A. DiMascio*
NICHOLAS A. DIMASCIO
 Attorney, U.S. Dep't of Justice
  Env't & Natural Resources Div.
  999 18th St., Suite 370
  Denver, CO  80202
April 2, 2014                          (303) 844-1384
90-1-4-13364                        nicholas.dimascio@usdoj.gov

**CERTIFICATE OF COMPLIANCE WITH PAGE LIMITATION**

This motion complies with the page limitation set forth in Rule 27(d)(2) of the Federal Rules of Appellate Procedure, as it is less than 20 pages in length.

/s/ Nicholas A. DiMascio
NICHOLAS A. DIMASCIO
Attorney, U.S. Dep't of Justice
Env't & Natural Resources Div.
999 18th St., Suite 370
Denver, CO  80202
(303) 844-1384
nicholas.dimascio@usdoj.gov

# Billings Field Office Review of Oil and Gas Lease Sale Parcels EA No. DOI-BLM-MT-C010-2010-0046-EA Decision Record

**Decision:**
Based on the analysis considered for Alternative B (the proposed action) as identified in the Billings Field Office Oil and Gas Leasing Environmental Assessment (EA), DOI-BLM-MT-C010-2010-0046-EA, it is my decision to lift suspensions on nine leases and portions of two leases (containing a total of 5,087.7 acres of federal minerals), with stipulations as identified in Appendix A of the EA.  It is also my decision to maintain suspensions on all or portions of six leases, containing 5,506.65 acres of federal minerals administered by the Billings FO, as identified in Appendix A of the EA.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
No monitoring would be required upon lifting the lease suspensions.  Should the parcels be developed, monitoring may be required and would be addressed and analyzed under future NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations identified by parcel in Appendix A of the EA, would apply and be attached to the lease parcel(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with the land use decisions described in the Billings Resource Management Plan (RMP)/Final Environmental Impact Statement (FEIS), as amended.

**Alternatives Considered**:
Alternative A – No Action.  The No Action Alternative would maintain 19 leases in suspension, covering approximately 15,019 acres of federal minerals in the Billings FO, and would be subject to cancellation.  Surface management would remain the same and ongoing oil and gas development would continue on surrounding federal, private, and state leases.

Alternative B – Proposed Action.  The Proposed Action addressed a total of 19 lease parcels, covering 15,019 acres of federal minerals.  The proposed action would be to lift oil and gas lease suspensions on nine leases (6,019 acres); maintain suspensions on portions of six leases and maintain suspensions on four leases (in their entirety) for a total of 9,000 acres of federal minerals to be held in suspension.  The parcels are located in Carbon, Musselshell, Stillwater, and Sweet Grass counties in south-central Montana. Standard terms and conditions, as well as the stipulations identified in Appendix A of the EA would apply.

**Public Comments**:
On August 12, 2010, this EA, along with other oil and gas leasing EAs, were made available for a 30-day public comment period. A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments. With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs. After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA. Refer to Chapter 5 of the updated EA for a summary of substantive comments and changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale. Two protests were received. The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review. The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale. Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.


**Rationale for the Decision:**
The decision to approve Alternative B, the proposed action, is based on the following: 1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts. Alternative B has been chosen as the preferred alternative.

1. The decision is in conformance with the Billings Resource Management Plan (RMP) and its associated Environmental Impact Statement (EIS) (September, 1984), as amended [the Billings RMP/FEIS was amended by the 1992 Oil and Gas RMP/FEIS (Record of Decision (ROD), 1994) and the 2008 Final Supplement to the Montana Statewide Oil and Gas EIS which also amended the Billings RMP/FEIS with a development alternative for coal bed natural gas production].
2. It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq.*] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.
3. The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.
4. Standard terms and conditions as well as special stipulations would apply. Lease stipulations (as required by Title 43 Code of Federal Regulations 3101.1-3) were added to each parcel as identified by the Billings Field Office to address site specific resource concerns or new information not identified in the planning process.

**Administrative Review and Appeal**:
This decision shall take effect immediately upon the date it is signed by the authorized officer (as indicated below). This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and Form 1842-1. If an appeal is taken, the Notice of Appeal must be filed in the Montana State Office, 5001 Southgate Drive, Billings MT, 59101, within 30 days from this decision. The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition (pursuant to regulations at 43 CFR Part 4, Subpart B § 4.21)) for a stay of the effectiveness of this Decision during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal. A petition for a stay is required to show sufficient justification based on the following standards listed below. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulations, a petition for a stay of a decision pending appeal shall be evaluated based on the following standards:

    (1) The relative harm to the parties if the stay is granted or denied;
    (2) The likelihood of the appellant's success on the merits;
    (3) The likelihood of irreparable harm to the appellant or resources if the stay is not granted; and
    (4) Whether the public interest favors granting the stay.

Copies of the Notice of Appeal, Petition for Stay, and any statement of reasons, written arguments or briefs must also be submitted to each party named in this Decision and to the Office of the Solicitor, U.S. Department of the Interior, P.O. Box 31394, Billings, Montana 59107-1394, in accordance with Form 1842-1, at the same time the original documents are filed in this office. A copy of the notice of appeal, any statement of reasons and all pertinent documents must be served on each adverse party, as listed below.

Before including your phone number, e-mail address, or other personal identifying information in your appeal, you should be aware that your entire appeal, including your personal identifying information, may be made publicly available at any time. While you can ask us in your appeal to withhold your personal identifying information from public view, we cannot guarantee that we will be able to do so.

In case of an appeal, the adverse parties to be served are:

| | | |
|---|---|---|
| JIM BOB BYRD | 7599 S GALLUP ST | LITTLETON CO 80120 |
| ELK HILLS HEAVY OIL LLC | 1011 S JEFFERSON ST | SPOKANE WA 99204-3929 |
| FIDELITY EXPLORATION & PRODUCTION CO | 1700 LINCOLN STREET #2800 | DENVER CO 80203 |
| MEGA WEST ENERGY MONTANA INC | SUITE 800 – 926 5TH AVE SW | CALGARY AB T2P 0N7 |
| NOBLE ENERGY INC | 1625 BROADWAY #2200 | DENVER CO 80202-4725 |
| PETRO-SENTINEL LLC | PO BOX 477 | WILLISTON ND 58802-0477 |
| SAGA PETROLEUM CORP | 600 17TH ST #1700N | DENVER CO 80202 |

Recommended by:

James M. Sparks, Field Manager
December 27, 2010

Approved by:

Theresa M. Hanley, Deputy State Director Division of Resources
December 27, 2010

AR-00004

**U.S. Department of the Interior**
**Bureau of Land Management**
**Butte Field Office**
**106 North Parkmont**
**Butte, MT 59701**

**Decision Record and Leasing Recommendation**
**Environmental Assessment DOI-BLM-MT-B070-2010-0012-EA**

**Decision:**
It is my decision to implement Alternative B (the Proposed Action) as identified in the Butte
Field Office (FO) Oil and Gas Leasing Environmental Assessment (EA), DOI-BLM-MT-B070-
2010-0012-EA, in which suspensions would be lifted on four leases containing a combined total
of 2,276.13 acres of federal minerals administered by the Butte FO, with stipulations as
identified in Appendix A of the EA.  The decision to offer/issue leases is addressed in a separate
decision record.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
No monitoring would be required upon lifting the lease suspensions.  Should the parcels be
developed, monitoring may be required and would be addressed and analyzed under future
NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations
identified by parcel in Appendix A of the EA, would apply and be attached to the lease parcel(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with
the land use decisions described in the Butte Resource Management Plan (April 2009) and its
associated Environmental Impact Statement (EIS).

**Alternatives Considered**:
Alternative A – No Action.  The No Action Alternative would maintain four leased parcels in
suspension, and would be subject to cancellation.  Surface management would remain the same
and ongoing oil and gas development would continue on surrounding federal, private, and state
leases.

Alternative B – Proposed Action.  The Proposed Action would be to lift oil and gas lease
suspensions on four leased parcels, containing 2,276.13 acres of federal minerals administered by
the Butte FO.  The parcels are located in Broadwater, Lewis and Clark, Park, and Gallatin
counties, generally east and west of the Bridger Range.  Standard terms and conditions, as well
as the stipulations identified in Appendix A of the EA would apply.

AR-00249

**Public Comments**:

On August 12, 2010, this EA, along with other oil and gas leasing EAs, were made available for a 30-day public comment period. A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments. With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs. After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA. Refer to Chapter 5 of the updated EA for a summary of substantive comments and changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale. Two protests were received. The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review. The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale. Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.

**Rationale for the Decision:**

The decision to approve Alternative B, the proposed action, is based on the following: 1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts. Alternative B has been chosen as the preferred alternative.

1. The decision is in conformance with the Butte RMP (April 2009) and FEIS.
2. It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq*.] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.
3. The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.
4. Standard terms and conditions as well as special stipulations would apply. Lease stipulations (as required by Title 43 Code of Federal Regulations 3101.1-3) were added to each parcel as identified by the Butte FO to address site specific resource concerns or new information not identified in the planning process.

**Administrative Review and Appeal**:

This decision shall take effect immediately upon the date it is signed by the authorized officer (as indicated below). This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and Form 1842-1. If an appeal is taken, the Notice of Appeal must be filed in the Montana State Office, 5001 Southgate Drive, Billings MT, 59101, within 30 days from this decision. The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition (pursuant to regulations at 43 CFR Part 4, Subpart B § 4.21)) for a stay of the effectiveness of this Decision during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal. A petition for a stay is required to show sufficient justification based on the following standards listed below. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulations, a petition for a stay of a decision pending appeal shall be evaluated based on the following standards:

    (1) The relative harm to the parties if the stay is granted or denied;
    (2) The likelihood of the appellant's success on the merits;
    (3) The likelihood of irreparable harm to the appellant or resources if the stay is not granted; and
    (4) Whether the public interest favors granting the stay.

Copies of the Notice of Appeal, Petition for Stay, and any statement of reasons, written arguments or briefs must also be submitted to each party named in this Decision and to the Office of the Solicitor, U.S. Department of the Interior, P.O. Box 31394, Billings, Montana 59107-1394, in accordance with Form 1842-1, at the same time the original documents are filed in this office. A copy of the notice of appeal, any statement of reasons and all pertinent documents must be served on each adverse party, as listed below.

Before including your phone number, e-mail address, or other personal identifying information in your appeal, you should be aware that your entire appeal, including your personal identifying information, may be made publicly available at any time. While you can ask us in your appeal to withhold your personal identifying information from public view, we cannot guarantee that we will be able to do so.

In case of an appeal, the adverse parties to be served are:

RETAMCO OPERATING INC        PO BOX 790        REDLODGE MT 59068-0790

Recommended by:

Scott S. Haight, Field Manager
December 27, 2010

Concurrence by:

Richard M. Hotaling, District Manager
December 27, 2010

Approved by:

Theresa M. Hanley, Deputy State Director, Division of Resources
December 27, 2010

**U.S. Department of the Interior**
**Bureau of Land Management**
**Butte Field Office**
**106 North Parkmont**
**Butte, MT 59701**

**Decision Record and Leasing Recommendation**
**Environmental Assessment DOI-BLM-MT-B070-2010-0012-EA**

**Decision:**
It is my decision to offer and issue 33 parcels, containing 26,503.61 acres of federal minerals administered by the Butte FO, with stipulations as identified in Appendix A of the EA. This is a modification of Alternative B (the Proposed Action) as identified in the Butte Field Office (FO) Oil and Gas Leasing Environmental Assessment (EA), DOI-BLM-MT-B070-2010-0012-EA. One lease parcel (1,463.26 acres of federal minerals, parcel number 12-10-27) was deferred from the lease sale, pending further study. The decision to lift or maintain suspensions is addressed in a separate decision record.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
No monitoring would be required upon lifting the lease suspensions. Should the parcels be developed, monitoring may be required and would be addressed and analyzed under future NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations identified by parcel in Appendix A of the EA, would apply and be attached to the lease parcel(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with the land use decisions described in the Butte Resource Management Plan (April 2009) and its associated Environmental Impact Statement (EIS).

**Alternatives Considered**:
Alternative A – No Action. The No Action Alternative would exclude offering 34 lease parcels in the Butte FO from the upcoming oil and gas lease sale and maintain suspensions on four leases. Surface management would remain the same and ongoing oil and gas development would continue on surrounding federal, private, and state leases.

Alternative B – Proposed Action. The Proposed Action would be to lift oil and gas lease suspensions on four leased parcels, and offer and issue leases on 34 parcels, with a combined total of 30,243 acres of federal minerals administered by the Butte FO. The parcels are located

AR-00253

in Broadwater, Lewis and Clark, Park, and Gallatin counties, generally east and west of the Bridger Range. Standard terms and conditions, as well as the stipulations identified in Appendix A of the EA would apply.

**Public Comments**:
On August 12, 2010, this EA, along with other oil and gas leasing EAs, were made available for a 30-day public comment period. A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments. With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs. After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA. Refer to Chapter 5 of the updated EA for a summary of substantive comments and changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale. Two protests were received. The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review. The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale. Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.

**Rationale for the Decision:**
The decision to approve offering and issuing 33 parcels, containing 26,503.61 acres of federal minerals administered by the Butte FO, with stipulations as identified in Appendix A of the EA, and to defer from lease sale parcel 12-10-27 (pending further study), is based on the following: 1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts.

1. The decision is in conformance with the Butte RMP (April 2009) and FEIS.
2. It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq*.] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.
3. The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.
4. Standard terms and conditions as well as special stipulations would apply. Lease stipulations (as required by Title 43 Code of Federal Regulations 3101.1-3) were added to each parcel as identified by the Butte FO to address site specific resource concerns or new information not identified in the planning process.

AR-00254

Recommended by:

Scott S. Haight, Field Manager
December 27, 2010

Concurrence by:

Richard M. Hotaling, District Manager
December 27, 2010

Approved by:

Theresa M. Hanley, Deputy State Director, Division of Resources
December 27, 2010

AR-00255

**U.S. Department of the Interior**
**Bureau of Land Management**
**Dillon Field Office**
**1005 Selway Drive**
**Dillon, MT 59725**

**Decision Record and Leasing Recommendation**
**Dillon Field Office Oil and Gas Leasing EA**
**DOI-BLM-MT-B050-2010-0018-EA**

**Decision:**
It is my decision to implement Alternative B (the Proposed Action) as identified in the Dillon Field Office Oil and Gas Leasing Environmental Assessment (EA), DOI-BLM-MT-B050-2010-0018-EA, in which suspensions would be lifted on seven (7) leases containing 6,994.71 acres of federal minerals with stipulations and lease notices as identified in Appendix A of the EA.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
No monitoring would be required upon lifting the lease suspensions. Should the leases be developed, monitoring may be required and would be addressed and analyzed under future NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations identified by parcel in Appendix A of the EA, would apply and be attached to the parcel(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with the land use decisions described in the Dillon Resource Management Plan (RMP)/Final Environmental Impact Statement (FEIS), as approved in the Record of Decision (ROD) in February 2006.

**Alternatives Considered**:
Alternative A – No Action. The No Action Alternative would maintain seven leases covering 6,994.71 acres in the Dillon FO in suspension, and would be subject to cancellation. Surface management would remain the same and ongoing oil and gas development would continue on surrounding federal, private, and state leases.

Alternative B – Proposed Action. The Proposed Action would be to lift oil and gas lease suspensions on seven leases, containing 6,994.71 acres of federal minerals administered by the Dillon FO. The parcels are located in southern Beaverhead County just north of the Idaho-Montana border, near Monida. Standard terms and conditions, as well as the stipulations identified in Appendix A would apply.

**Public Comments**:
On August 12, 2010, this EA, along with seven other oil and gas leasing EAs in Montana/Dakotas, were made available for a 30-day public comment period. A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments. With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs. After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA. Refer to Chapter 5 of the updated EA for a summary of the changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale. Two protests were received. The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review. The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale. Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.


**Rationale for the Decision:**
The decision to approve Alternative B, the proposed action, is based on the following: 1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts. Alternative B has been chosen as the preferred alternative.

1. The decision is in conformance with the Dillon RMP/FEIS (ROD, 2006).
2. It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq*.] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.
3. The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.
4. Standard terms and conditions as well as special stipulations would apply. Lease stipulations (as required by Title 43 Code of Federal Regulations 3101.1-3) were added to each parcel as identified by the Dillon Field Office to address site specific resource concerns or new information not identified in the land use planning process.

**Administrative Review and Appeal**:
This decision shall take effect immediately upon the date it is signed by the authorized officer. This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and Form 1842-1. If an appeal is taken, the Notice of Appeal must be filed in the Montana State Office, 5001 Southgate Drive,

Billings MT, 59101, within 30 days from this decision.  The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition (pursuant to regulations at 43 CFR Part 4, Subpart B § 4.21)) for a stay of the effectiveness of this Decision during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal.  A petition for a stay is required to show sufficient justification based on the following standards listed below.   If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulations, a petition for a stay of a decision pending appeal shall be evaluated based on the following standards:

(1)  The relative harm to the parties if the stay is granted or denied;
(2)  The likelihood of the appellant's success on the merits;
(3)  The likelihood of irreparable harm to the appellant or resources if the stay is not granted; and
(4)   Whether the public interest favors granting the stay.

Copies of the Notice of Appeal, Petition for Stay, and any statement of reasons, written arguments or briefs must also be submitted to each party named in this Decision and to the Office of the Solicitor, U.S. Department of the Interior, P.O. Box 31394, Billings, Montana 59107-1394, in accordance with Form 1842-1, at the same time the original documents are filed in this office.  A copy of the notice of appeal, any statement of reasons and all pertinent documents must be served on each adverse party, as listed below.

Before including your phone number, e-mail address, or other personal identifying information in your appeal, you should be aware that your entire appeal, including your personal identifying information, may be made publicly available at any time.  While you can ask us in your appeal to withhold your personal identifying information from public view, we cannot guarantee that we will be able to do so.

In case of an appeal, the adverse parties to be served are:

FORTUNA US LP     2000-888 3 STREET SW      CALGARY AB T2P 5C5

Recommended by:

Tim Bozorth, Field Manager
December 27, 2010

Concurrence by:

Richard M. Hotaling, District Manager
December 27, 2010

Approved by:

Theresa M. Hanley, Deputy State Director, Division of Resources
December 27, 2010

**U.S. Department of the Interior**
**Bureau of Land Management**
**Lewistown Field Office**
**920 NE Main Street**
**Lewistown, MT 59457**

**Leasing Recommendation and Decision Record**
**Lewistown Field Office Oil and Gas Leasing EA**
**DOI-BLM-MT-L060-2010-0033 -EA**

**Decision:**
Based on the analysis included in Alternative B (the proposed action) and consideration of additional information, it is my decision to offer for sale and issue leases on four parcels, containing 498.07 acres of federal minerals administered by the Lewistown Field Office (FO), with stipulations as identified in Appendix A of the EA.  It is also my decision to defer two parcels (BH and BO) (240 acres of federal minerals) from this lease sale, pending additional study and review.  The decision regarding whether to lift or maintain the suspension on the already-issued lease is addressed in a separate decision document.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
No monitoring would be required upon lifting the lease suspensions.  Should the parcels be developed, monitoring may be required and would be addressed and analyzed under future NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations identified by parcel in Appendix A of the EA, would apply and be attached to the parcel(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with the land use decisions described in the Fergus Management Framework Plan (MFP) (approved January 1978), the Petroleum Management Framework Plan (approved November 1977), and the Lewistown District Oil & Gas Environmental Assessment of the BLM Leasing Program (approved September 1981).  Although the Judith-Valley-Phillips Resource Management Plan (RMP) was approved in 1994, it did not make any decisions relative to leasing of fluid minerals due to a protest on the 1992 Final RMP.

**Alternatives Considered**:
Alternative A – No Action.  The No Action Alternative would exclude six parcels in the Lewistown Field Office from being included in the upcoming lease sale.  The No Action alternative would also maintain one lease parcel in suspension, and would be subject to cancellation.  Surface management would remain the same and ongoing oil and gas development would continue on surrounding federal, private, and state leases.

AR-00719

Alternative B – Proposed Action.  The Proposed Action analyzed in the analysis would be to offer six parcels of federal minerals for oil and gas leasing and to lift the lease suspension on one parcel of federal minerals covering a total of 1,058.07 acres administered by the Lewistown FO. The parcels are located in Fergus and Petroleum counties.  Standard terms and conditions, as well as the stipulations identified in Appendix A would apply.

**Public Comments**:
On August 12, 2010, this EA, along with other oil and gas leasing EAs, were made available for a 30-day public comment period.  A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments.   With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs.  After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA.  Refer to Chapter 5 of the updated EA for a summary of the changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale.  Two protests were received.  The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review.  The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale.  Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.

**Rationale for the Decision:**
This decision is based on the following:  1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts.  While Alternative B in the analysis was chosen as the preferred alternative, my decision to maintain the suspension on the lease addresses resource considerations requiring additional review/study.

1. The decision is in conformance with the Fergus Management Framework Plan (MFP) (approved January 1978), the Petroleum Management Framework Plan (approved November 1977), and the Lewistown District Oil & Gas Environmental Assessment of the BLM Leasing Program (approved September 1981).
2. It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq.*] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.

3.  The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.

4.  Standard terms and conditions as well as special stipulations would apply.  Lease stipulations (as required by Title 43 Code of Federal Regulations 3103.1-3) were added to each parcel as identified by the Lewistown Field Office to address site specific resource concerns or new information not identified in the land use planning process.

Recommended by:

*William F. Frank*

William F. Frank, Field Manager
December 27, 2010

Concurrence by:

/s/ **Gary L. Benes**
Gary L. Benes, District Manager
December 27, 2010

Approved by:

*Theresa M. Hanley*

Theresa M. Hanley, Deputy State Director Division of Resources
December 27, 2010

**U.S. Department of the Interior**
**Bureau of Land Management**
**Malta Field Office**
**501 S. 2nd St. E**
**Malta, MT 59538**

**Decision Record and Leasing Recommendation**
**Malta Field Office Oil and Gas Leasing EA**
**DOI-BLM-MT-M010-2010-0042-EA**

**Decision:**
It is my decision to implement Alternative B (the Proposed Action) as identified in the Malta
Field Office Oil and Gas Leasing Environmental Assessment (EA), DOI-BLM-MT-M010-2010-
0042-EA, in which suspensions would be lifted on two (2) leases containing 72.09 acres of
federal minerals with stipulations and lease notices as identified in Appendix A of the EA.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
No monitoring would be required upon lifting the lease suspensions.  Should the leases be
developed, monitoring may be required and would be addressed and analyzed under future
NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations
identified by parcel in Appendix A of the EA, would apply and be attached to the parcel(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with
the land use decisions described in the Phillips Management Framework Plan (MFP) (1977),
Little Rocky Mountains MFP (1977), and the UL Bend/Zortman MFP (1977).  Although the
Judith-Valley-Phillips (JVP) Resource Management Plan (RMP), as amended, was approved in
1994, it did not make decisions relative to leasing of fluid minerals due to a protest on the 1992
Final RMP that called for a supplemental EIS to address an alternative that would avoid oil and
gas leasing in areas with valuable wildlife habitat.

**Alternatives Considered**:
Alternative A – No Action.  The No Action Alternative would maintain two leases in suspension,
covering 72.09 acres of federal minerals in the Malta FO, and would be subject to cancellation.
Surface management would remain the same and ongoing oil and gas development would
continue on surrounding federal, private, and state leases.

Alternative B – Proposed Action.  The Proposed Action would be to lift oil and gas lease
suspensions on two leases containing 72.09 acres of federal minerals administered by the Malta

AR-00944

FO.  The leases are located in northern and east-central Phillips County.  Standard terms and conditions, as well as the stipulations identified in Appendix A would apply.

**Public Comments**:
On August 12, 2010, this EA, along with other oil and gas leasing EAs, were made available for a 30-day public comment period.  A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments.   With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs.  After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA.  Refer to Chapter 5 of the updated EA for a summary of the changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale.  Two protests were received.  The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review.  The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale.  Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.

**Rationale for the Decision:**
The decision to approve Alternative B, the proposed action, is based on the following:  1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts.  Alternative B has been chosen as the preferred alternative.

1. The decision is in conformance with the Phillips Management Framework Plan (MFP) (1977), Little Rocky Mountains MFP (1977), and the UL Bend/Zortman MFP (1977).
2. It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq.*] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.
3. The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.
4. Standard terms and conditions as well as special stipulations would apply.  Lease stipulations (as required by Title 43 Code of Federal Regulations 3101.1-3) were added to each parcel as identified by the Malta Field Office to address site specific resource concerns or new information not identified in the land use planning process.

AR-00945

**Administrative Review and Appeal**:
This decision shall take effect immediately upon the date it is signed by the authorized officer (as indicated below). This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and Form 1842-1. If an appeal is taken, the Notice of Appeal must be filed in the Montana State Office, 5001 Southgate Drive, Billings MT, 59101, within 30 days from this decision. The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition (pursuant to regulations at 43 CFR Part 4, Subpart B § 4.21)) for a stay of the effectiveness of this Decision during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal. A petition for a stay is required to show sufficient justification based on the following standards listed below. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulations, a petition for a stay of a decision pending appeal shall be evaluated based on the following standards:

   (1) The relative harm to the parties if the stay is granted or denied;
   (2) The likelihood of the appellant's success on the merits;
   (3) The likelihood of irreparable harm to the appellant or resources if the stay is not granted; and
   (4) Whether the public interest favors granting the stay.

Copies of the Notice of Appeal, Petition for Stay, and any statement of reasons, written arguments or briefs must also be submitted to each party named in this Decision and to the Office of the Solicitor, U.S. Department of the Interior, P.O. Box 31394, Billings, Montana 59107-1394, in accordance with Form 1842-1, at the same time the original documents are filed in this office. A copy of the notice of appeal, any statement of reasons and all pertinent documents must be served on each adverse party, as listed below.

Before including your phone number, e-mail address, or other personal identifying information in your appeal, you should be aware that your entire appeal, including your personal identifying information, may be made publicly available at any time. While you can ask us in your appeal to withhold your personal identifying information from public view, we cannot guarantee that we will be able to do so.

In case of an appeal, the adverse parties to be served are:

| | | |
|---|---|---|
| FIDELITY EXPLORATION & PRODUCTION CO | 1700 LINCOLN STREET #2800 | DENVER CO 80203 |
| OMIMEX CANADA LTD | 2001 BEACH STREET #810 | FORTH WORTH TX 76103-2300 |

Recommended by:

*[signature: Richard E Adams]*

Richard E Adams, Malta Field Manager
December 27, 2010


Concurrence by:

*[signature: Mark A...]*

Mark K. Albers, HiLine District Manager
December 27, 2010


Approved by:

*[signature: Theresa M. Hanley]*

Theresa M. Hanley, Deputy State Director Division of Resources
December 27, 2010

AR-00947

**U.S. Department of the Interior**
**Bureau of Land Management**
**Miles City Field Office**
**111 Garryowen Road**
**Miles City, MT 59301**

**Decision Record and Leasing Recommendation for Suspended Leases**
**Environmental Assessment DOI-BLM-MT-C020-2010-0249-EA**

**Decision:**
It is my decision to implement Alternative B (the Proposed Action) as identified in the Miles City Field Office (FO) Oil and Gas Leasing Environmental Assessment (EA), DOI-BLM-MT-C020-2010-0249-EA, in which suspensions would be lifted on 23 leases (10,782.74 acres of federal minerals administered by BLM) and one (1) lease (840 acres of federal minerals) would remain in suspension. This decision only addresses the suspended lease parcels. The decision to offer and issue lease parcels is addressed in a separate decision record.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
No monitoring would be required upon lifting the lease suspensions. Should the leases be developed, monitoring may be required and would be addressed and analyzed under future NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations identified by parcel in Appendix A of the EA, would apply and be attached to the lease(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with the land use decisions described in the Big Dry Resource Management Plan (RMP) and accompanying Environmental Impact Statement (EIS) (April 1996) and the Powder River RMP/EIS (March 1985), as amended (1994 Oil and Gas RMP/EIS Amendment; 2003 Final Statewide Oil and Gas EIS and proposed Amendment of the Powder River and Billings RMPs; and the 2008 Final Supplement to the Montana Statewide Oil and Gas EIS and Proposed Amendment of the Powder River and Billings RMPs).

**Alternatives Considered**:
Alternative A – No Action. The No Action Alternative would maintain lease suspensions on 24 leases, which would be subject to cancellation. The No Action Alternative also addressed excluding 107 lease parcels from the lease sale. Surface management would remain the same

AR-01103

and ongoing oil and gas development would continue on surrounding federal, private, and state leases.

Alternative B – Proposed Action.  The Proposed Action would be to lift suspensions on 23 leases and to maintain one (1) lease in suspension.  The leases are located within the Miles City FO and are dispersed across the following counties:  Roosevelt, Richland, Rosebud, Powder River, Fallon, Garfield, Custer, and Sheridan counties.  Standard terms and conditions, as well as additional stipulations identified in Appendix A of the EA would apply.   The proposed action also addressed 82 lease parcels that would be offered and issued for lease, in whole or part, and to defer 25 lease parcels from the upcoming lease sale.

**Public Comments**:

On August 12, 2010, this EA, along with seven other oil and gas leasing EAs in Montana/Dakotas, were made available for a 30-day public comment period.  A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments.  With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs.  After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA.  Refer to Chapter 5 of the updated EA for a summary of substantive comments and changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale.  Two protests were received.  The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review.  The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale.  Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.

**Rationale for the Decision:**

The decision to approve Alternative B, the proposed action, is based on the following:  1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts.  Alternative B has been chosen as the preferred alternative.

1.  The decision is in conformance with the Big Dry RMP and accompanying EIS (April 1996) and the Powder River RMP/EIS (March 1985), as amended (1994 Oil and Gas RMP/EIS Amendment; 2003 Final Statewide Oil and Gas EIS and proposed Amendment of the Powder River and Billings RMPs; and the 2008 Final Supplement to the Montana Statewide Oil and Gas EIS and Proposed Amendment of the Powder River and Billings RMPs).

AR-01104

2.  It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq.*] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.

3.  The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.

4.  Standard terms and conditions as well as special stipulations would apply.  Lease stipulations (as required by Title 43 Code of Federal Regulations 3101.1-3) were added to each parcel as identified by the Miles City FO to address site specific resource concerns or new information not identified in the planning process.

**Administrative Review and Appeal**:
This decision shall take effect immediately upon the date it is signed by the authorized officer. This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and Form 1842-1.  If an appeal is taken, the Notice of Appeal must be filed in the Montana State Office, 5001 Southgate Drive, Billings MT, 59101, within 30 days from this decision.  The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition (pursuant to regulations at 43 CFR Part 4, Subpart B § 4.21)) for a stay of the effectiveness of this Decision during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal.  A petition for a stay is required to show sufficient justification based on the following standards listed below.   If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulations, a petition for a stay of a decision pending appeal shall be evaluated based on the following standards:

(1)  The relative harm to the parties if the stay is granted or denied;
(2)  The likelihood of the appellant's success on the merits;
(3)  The likelihood of irreparable harm to the appellant or resources if the stay is not granted; and
(4)   Whether the public interest favors granting the stay.

Copies of the Notice of Appeal, Petition for Stay, and any statement of reasons, written arguments or briefs must also be submitted to each party named in this Decision and to the Office of the Solicitor, U.S. Department of the Interior, P.O. Box 31394, Billings, Montana 59107-1394, in accordance with Form 1842-1, at the same time the original documents are filed

in this office. A copy of the notice of appeal, any statement of reasons and all pertinent documents must be served on each adverse party, as listed below.

Before including your phone number, e-mail address, or other personal identifying information in your appeal, you should be aware that your entire appeal, including your personal identifying information, may be made publicly available at any time. While you can ask us in your appeal to withhold your personal identifying information from public view, we cannot guarantee that we will be able to do so.

In case of an appeal, the adverse parties to be served are:

| | |
|---|---|
| EMPIRE OIL CO | PO BOX 1835, WILLISTON ND 58802 |
| ENDEAVOUR OPERATING CORP, | 1001 FANNIN STREET #1600, HOUSTON TX 77002-6799 |
| GULF WESTERN GEOPHYSICAL LLC | 7373 BROADWAY #300, SAN ANTONIO TX 78209 |
| MARSHALL & WINSTON INC | PO BOX 50880, MIDLAND TX 79710-0880 |
| NISKU ROYALTY LP | PO BOX 2293, BILLINGS MT 59103-2293 |
| OASIS PETROLEUM N.AMERICA LLC | 1001 FANNIN STREET #202, HOUSTON TX 77002-6712 |
| PRESCO INC | 10200 GROGAN'S MILL RD #520, THE WOODLANDS TX 77380 |
| RETAMCO OPERATING INC | PO BOX 790, REDLODGE MT 59068-0790 |
| TETON RESOURCES USA LLC | PO BOX 183, BILLINGS MT 59103 |
| XTO ENERGY INC | 810 HOUSTON STREET #2000, FORTH WORTH TX 76102-6298 |

Recommended by:

Deborah K. Johnson, Field Manager
December 27, 2010

Concurrence by:

M. Elaine Raper, District Manager
December 27, 2010

Approved by:

Theresa M. Hanley, Deputy State Director, Division of Resources
December 27, 2010

**U.S. Department of the Interior**
**Bureau of Land Management**
**Miles City Field Office**
**111 Garryowen Road**
**Miles City, MT 59301**

**Decision Record and Leasing Recommendation**
**Environmental Assessment DOI-BLM-MT-C020-2010-0249-EA**

**Decision:**
It is my decision to implement Alternative B (the Proposed Action) as identified in the Miles City Field Office (FO) Oil and Gas Leasing Environmental Assessment (EA), DOI-BLM-MT-C020-2010-0249-EA, in which 82 parcels, in whole or part, would be offered and issued for lease, containing a total of 61,938.90 acres of federal minerals administered by the BLM.  It is also my decision to defer 25 lease parcels, in whole, containing a total of 20,925.56 acres of federal minerals administered by BLM.  The decision to lift or maintain suspensions is addressed in a separate decision record.

**Authorities:**
The authority for this decision is contained in 43 CFR 3100.

**Compliance and Monitoring**:
Should the parcels be developed, monitoring may be required and would be addressed and analyzed under future NEPA documentation.

**Terms, Conditions, and Stipulations**:
For all parcels, standard terms and conditions, as well as the lease notices and stipulations identified by parcel in Appendix A of the EA, would apply and be attached to the lease parcel(s).

**Plan Conformance and Consistency**:
The proposed action and alternatives have been reviewed and found to be in conformance with the land use decisions described in the Big Dry Resource Management Plan (RMP) and accompanying Environmental Impact Statement (EIS) (April 1996) and the Powder River RMP/EIS (March 1985), as amended (1994 Oil and Gas RMP/EIS Amendment; 2003 Final Statewide Oil and Gas EIS and proposed Amendment of the Powder River and Billings RMPs; and the 2008 Final Supplement to the Montana Statewide Oil and Gas EIS and Proposed Amendment of the Powder River and Billings RMPs).

**Alternatives Considered**:
Alternative A – No Action.  The No Action Alternative would exclude 107 lease parcels from the lease sale.  The No Action Alternative also addressed maintaining suspensions on 24 leases, which would be subject to cancellation.  Surface management would remain the same and ongoing oil and gas development would continue on surrounding federal, private, and state leases.

Alternative B – Proposed Action.  The proposed action would be to offer and issue 82 lease parcels, in whole or part, and to defer 25 lease parcels from the upcoming lease sale. The lease parcels are located within the Miles City FO and are dispersed across the following counties:  Treasure, Rosebud, Powder River, Fallon, Carter, Wibeaux, Dawson and Richland, and Prairie counties.  Standard terms and conditions, as well as stipulations identified in Appendix A of the EA would apply.  The Proposed Action also addressed lifting suspensions on 23 leases and to maintaining one (1) lease in suspension.

**Public Comments**:
On August 12, 2010, this EA, along with seven other oil and gas leasing EAs in Montana/Dakotas, were made available for a 30-day public comment period.  A total of 131 written submissions were received after the 30-day comment period, which resulted in 79 individually-coded substantive comments.  With the exception of some parcel-specific and/or EA-specific comments and issues, most of the comments applied to all eight EAs.  After review and consideration of the substantive comments, some modifications were made to the analysis and are denoted with gray-scale shading and/or strikeout in the updated EA.  Refer to Chapter 5 of the updated EA for a summary of substantive comments and changes made to the EA.

On October 22, 2010, the Bureau of Land Management provided notice that 223 parcels of land (149,996.962 acres) would be offered in a competitive oil and gas lease sale on December 9, 2010; this lease sale notice initiated a 30-day protest period for the lease sale.  Two protests were received.  The first protest was submitted by Crowley Fleck Attorneys to the inclusion of Parcel Number 12-10-27, located within the Butte Field Office, which was deferred from the lease sale to allow for further review.  The second protest was submitted by the Montana Environmental Information Center, Earthworks' Oil and Gas Accountability Project, and WildEarth Guardians and protested the inclusion of all 223 parcels in the lease sale.  Based on a detailed review and consideration of the issues raised, the BLM provided responses to the issues raised and denied the protest to the parcels offered at the December 9, 2010 oil and gas lease sale.

**Rationale for the Decision:**
The decision to approve Alternative B, the proposed action, is based on the following:  1) consistency with resource management and land use plans; 2) national policy; 3) agency statutory requirements; 4) relevant resource issues; and 5) application of measures to avoid or minimize environmental impacts.  Alternative B has been chosen as the preferred alternative.

1.  The decision is in conformance with the Big Dry RMP and accompanying EIS (April 1996) and the Powder River RMP/EIS (March 1985), as amended (1994 Oil and Gas RMP/EIS Amendment; 2003 Final Statewide Oil and Gas EIS and proposed Amendment of the Powder River and Billings RMPs; and the 2008 Final Supplement to the Montana Statewide Oil and Gas EIS and Proposed Amendment of the Powder River and Billings RMPs).

2.  It is the policy of the Bureau of Land Management (BLM) as derived from various laws, including the Mineral Leasing Act of 1920, as amended [30 U.S.C. 181 *et seq.*] and the Federal Land Policy and Management Act of 1976, to make mineral resources available for disposal and to encourage development of mineral resources to meet national, regional, and local needs.

3.  The decision is consistent with all federal, state, and county authorizing actions required for implementation of the Proposed Action.

4.  Standard terms and conditions as well as special stipulations would apply.  Lease stipulations (as required by Title 43 Code of Federal Regulations 3101.1-3) were added to each parcel as identified by the Miles City FO to address site specific resource concerns or new information not identified in the planning process.

Recommended by:

Deborah K. Johnson, Field Manager
December 27, 2010

Concurrence by:

M. Elaine Raper, District Manager
December 27, 2010

Approved by:

Theresa M. Hanley, Deputy State Director, Division of Resources
December 27, 2010

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system on April 2, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Nicholas A. DiMascio*
NICHOLAS A. DIMASCIO
Attorney, U.S. Dep't of Justice
Env't & Natural Resources Div.
999 18th St.
South Terrace, Suite 370
Denver, CO  80202
(303) 844-1384
nicholas.dimascio@usdoj.gov