## No. 13-35688

IN THE

# United States Court of Appeals

## FOR THE NINTH CIRCUIT

------

MONTANA ENVIRONMENTAL INFORMATION CENTER, ET AL.

*Plaintiffs - Appellants,*

V.

UNITED STATES BUREAU OF LAND MANAGEMENT, AN AGENCY IN THE U.S. DEPARTMENT OF INTERIOR, ET AL.

*Defendants – Appellees,*

AMERICAN PETROLEUM INSTITUTE, ET AL.

*Intervenor-Defendants - Appellees.*

------

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, HON. SAM E. HADDON
CASE NO. 4:11-CV-00015-SEH

------

## INTERVENOR-DEFENDANTS - APPELLEES' RESPONSE TO MOTION TO REMAND

------

WILLIAM W. MERCER
MICHAEL P. MANNING
HOLLAND & HART LLP
401 N. 31st St., Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Fax: (406) 252-1669
wwmercer@hollandhart.com
mpmanning@hollandhart.com

*Counsel for Intervenor-Defendants - Appellees*

## INTRODUCTION

The Federal Defendants-Appellees' (collectively, BLM) motion to remand should be denied for two reasons.  First, the standing argument at issue—whether surface impacts unrelated to BLM's climate change analysis allow the Plaintiffs-Appellants (collectively, MEIC) to challenge BLM's leasing decision based solely on their contention that BLM's climate change analysis was inadequate—is a legal question that was both presented below and developed on appeal.  Second, *WildEarth Guardians v. Jewell*, 738 F.3d 298 (D.C. Cir. 2013) is not the kind of intervening authority that warrants remand.  It is a non-binding opinion from another circuit that this Court need not and should not adopt.

## ARGUMENT

Federal appellate courts, including this one, routinely recognize that remand is not necessary every time a district court fails to address a particular argument.  *See*, *e.g.*, *Pine Bar Ranch LLC v. Interior Bd. of Indian Appeals*, 503 Fed. App'x 491, 494 (9th Cir. 2012); *Af-Cap Inc. v. Congo*, 383 F.3d 361, 371 n.12 (5th Cir. 2004); *Tucson Med. Ctr. v. Sullivan*, 947 F.2d 971, 980 (D.C. Cir. 1991).  Indeed, for "purely legal" issues that the parties fully brief on appeal, remand is unnecessary

even if the question was not raised below. *See Regal-Beloit Corp. v. Kawasaki Kisen Kaisha Ltd.*, 557 F.3d 985, 1001 n.18 (9th Cir. 2001), *rev'd on other grounds*, 561 U.S. 89 (2010).

The Intervenor-Defendants (collectively, API) agree that, in the district court, MEIC premised its standing argument primarily on its theory that BLM's leasing decision would contribute to climate change. API also agrees that, on appeal, MEIC expressly abandoned that theory, *see* Op. Br. at 31 n.13, and changed its focus. But MEIC indisputably raised its surface injury theory below; MEIC and API briefed the issue and the parties acknowledged it at the summary judgment hearing. Perhaps more importantly, the argument raises a purely legal question, *Voigt v. Savell*, 70 F.3d 1552, 1564 (9th Cir. 1995), that the parties have briefed on appeal.[1] Thus, this Court should not remand simply because the district court did not address the particular standing argument on which MEIC is now focusing.

This is particularly true because BLM's primary argument for remand—that the district court should consider *WildEarth Guardians*

---

[1] Although BLM's merits brief and MEIC's reply brief are yet to be filed, the entirety of MEIC's opening merits brief and API's response brief are devoted to MEIC's surface impacts standing theory, which is the only issue on appeal.

2

in the first instance—makes little sense. At best, remand would be a waste of judicial resources. *WildEarth Guardians* is not binding authority that the district court can simply apply to the facts; it will first have to decide whether to adopt *WildEarth Guardians* at all. Presumably, MEIC would advocate that *WildEarth Guardians* is persuasive and counsels that MEIC has standing. API's position, on the other hand, is that *WildEarth Guardians* is factually distinguishable and adopting its reasoning would effectively give private parties standing to litigate climate change in every NEPA case, a result the Supreme Court implicitly rejected in *Massachusetts v. EPA*, 549 U.S. 497 (2007).

Those are precisely the arguments the parties are advancing here.[2] And regardless which argument the district court might find persuasive on remand, Ninth Circuit law will remain unsettled. *See NASD Dispute Resolution, Inc. v. Cal. Judicial Council*, 488 F.3d 1065, 1069 (9th Cir. 2007) ("[A] district court opinion does not have binding precedential effect."); *see also*, *e.g.*, *Save Our Valley v. Sound Transit*, 355 F.3d 932, 943 (9th Cir. 2003) (rejecting the D.C. Circuit's reasoning

---

[2] MEIC has not yet fully addressed *WildEarth Guardians* because the D.C. Circuit's opinion was not issued until after MEIC filed its opening brief.

in a different context).  The case will end up back on appeal for *de novo* review of the same legal issue based on the same legal arguments, and the parties' standing dispute will not be ultimately resolved until *this Court* decides whether to adopt *WildEarth Guardians*.  Simply put, there is no reason to remand so that the district court can opine about whether the Ninth Circuit should adopt a D.C. Circuit case when the issue is squarely presented in this appeal and will be fully briefed after MEIC files its reply brief.

## CONCLUSION

For the foregoing reasons, BLM's motion to remand should be denied.

Dated:   April 11, 2014.

Respectfully submitted,


*/s/ William W. Mercer*
William W. Mercer
Michael P. Manning
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, Montana  59103-0639

*Counsel for Intervenor-Defendants -
Appellees*

4

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the formatting requirements in Fed. R. App. P. 27(d)(1) and is less than 20 pages in length, as required by Fed. R. App. P. 27(d)(2).

/s/ William W. Mercer
William W. Mercer
Michael P. Manning
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, Montana  59103-0639

Counsel for Intervenor-Defendants -
Appellees

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 11, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ William W. Mercer*
William W. Mercer
Michael P. Manning
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, Montana  59103-0639

*Counsel for Intervenor-Defendants - Appellees*

6784693_3