No. 13-35688

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

Montana Environmental Information Center; Earthworks' Oil and Gas
Accountability Project; and WildEarth Guardians,

Plaintiffs-Appellants

-v.-

United States Bureau of Land Management; Sally Jewell; Jamie Connell; and
Theresa M. Hanley,

Defendants-Appellees

and

American Petroleum Institute; Montana Petroleum Institute; Montana Chamber of
Commerce; and Western Energy Alliance,

Intervenor Defendants-Appellees

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MONTANA (HON. SAM E. HADDEN)

---

**PLAINTIFFS-APPELLANTS' RESPONSE TO FEDERAL DEFENDANTS-
APPELLEES' MOTION TO REMAND**

---

Erik Schlenker-Goodrich
Western Environmental Law Center
Paseo del Pueblo Sur, Unit 602
Taos, New Mexico 87571
575.613.4197
eriksg@westernlaw.org

Sarah McMillan
WildEarth Guardians
P.O. Box 7516
Missoula, Montana 59807
406.549.3895
smcmillan@wildearthguardians.org

Shiloh Hernandez
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
406.204.4861

hernandez@westernlaw.org

## INTRODUCTION

Federal Defendant-Appellees (collectively, BLM) now concede the soundness of Plaintiff-Appellants' (collectively, MEIC) standing theory—that local impacts may supply standing for climate change arguments. Further, BLM recognizes that pursuant to this theory, MEIC "may have standing in this case." Nevertheless, BLM asks this Court to remand this case to allow the district court to reconsider its decision in light of a recent, non-binding decision of a sister circuit.

This Court should deny BLM's motion for two reasons. First, MEIC's theory of standing presented now on appeal was briefed, argued, and resolved at the district court. Second, remand on the basis of intervening non-binding authority is unsupported at law and unwarranted here; indeed, remand here would result—as Intervenor-Defendants (collectively, Petroleum Institute) observe—in a significant waste of resources of the parties and the courts.

## ARGUMENT

### I.   MEIC's Standing Theory Presented on Appeal Was Briefed, Argued, and Resolved at the District Court.

The first premise of BLM's motion for remand is that the "district court [should be permitted] to consider [MEIC's] restructured standing argument in the first instance." Dkt. 27 at 6. This premise is false. MEIC's standing theory based on the surface impacts of the challenged oil and gas activities, which is the sole issue presented on appeal, was briefed, argued, and resolved at the district court.

1

Notably, this theory was MEIC's *primary argument* before the district court.

As MEIC plainly explained to the district court in its briefing: "MEIC has standing based on two independent bases: *(1) place-based impacts from lease development*; and (2) climate-change impacts." D. Ct. Doc. 55 at 2. (emphasis added) (attached as Exhibit 1). Asserting its primary standing argument, MEIC wrote:

> MEIC can demonstrate injury under NEPA. First, MEIC has alleged violation of a procedural law, NEPA. Second, NEPA protects MEIC's concrete interests. MEIC members live, work, and recreate in and near the leased areas. Third, it is reasonably probable that the challenged leases will threaten the concrete interests of MEIC's members: *on-the-ground development of the leases will impair their ability to hunt, photograph, observe, and enjoy native wildlife, recreate, and gain spiritual and aesthetic fulfillment.*

*Id.* (internal citations omitted) (emphasis added). In light of its demonstration of standing based on local impacts, MEIC explained that it was "unnecessary" for the district court to even address MEIC's secondary argument for standing, based the agency action's contribution to climate change. *Id.* at 4. BLM neglected to respond in its briefing to this argument. *See* D. Ct. Doc. 63 at 2-6. The Petroleum Institute addressed the argument at some length. D. Ct. Doc. 60 at 7-10.

At oral argument, MEIC's counsel repeated that its primary basis for standing was injury from the local, surface impacts of oil and gas activities:

> [O]ur clients have based standing in this case on two separate and independent bases. First, the basis of the impacts—surface impacts from development of these leases; and, second, on the impacts of

> greenhouse gas emissions on Plaintiffs' interests. This matter has been briefed significantly. I think that the Court can resolve the issue quite briefly and consistent with—and consistently with existing case law just on the issue of surface impacts.

Transcript of Proceedings at 11:12-20 (attached as Exhibit 2). Counsel then elaborated at length MEIC's primary standing argument based on local, surface impacts. *Id*. at 11-15.

MEIC's counsel did not go on to address, beyond a perfunctory reference, the secondary standing argument based on the action's contribution to climate change. *Id*. at 15:3-8. At argument, BLM and the Petroleum Institute acknowledged and responded to MEIC's primary standing argument based on local, surface impacts. *Id.* at 25, 30-32. BLM briefly made the very argument that it now rejects on appeal: that local, surface impacts may not supply standing for climate change arguments. *Compare id.* at 25:4-11, *with* Dkt. 27 at 8-9 (rejecting argument).

The district court also acknowledged and addressed MEIC's principle standing argument based on local impacts. The court recognized MEIC's standing declarants had "recreational and aesthetic interests in public and private lands located near the oil and gas leaseholds at issue that may be injured by the development of the leases" and that MEIC had therefore adequately alleged "concrete interests" for purposes of standing. ER15. The district court indicated, however, that injuries to these interests by the local, surface impacts of oil and gas

3

activities could not serve as a basis for standing:

> It is imperative to note that all of Plaintiffs' claims are based upon climate change impacts. Plaintiffs do not assert claims based solely upon surface disturbance or on-the-ground activities associated with oil and gas development that are wholly independent of alleged climate change impacts.

ER10-11 n.19.[1] The court went on to hold that MEIC lacked standing, which ruling MEIC now appeals to this Court.

In light of these facts, BLM's contention that MEIC's standing theory presented on appeal was not fully presented to the district court is simply false. The theory was briefed, argued, and resolved at the district court. It was MEIC's primary standing argument. As such, *Golden Gate Hotel Ass'n v. City and County of San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994), and *United Union of Roofers v. Insurance Corp. of America*, 919 F.2d 1398, 1402-03 (9th Cir. 1990), which involved issues that were not argued or resolved at the district court, are wholly inapposite. That BLM neglected to address MEIC's primary standing argument and the district court rejected it with little analysis is no basis for remand. Rather, the facts demonstrate that MEIC's appeal can and should proceed.

## II. An Intervening and Non-binding Decision from the D.C. Circuit Does Not Justify a Remand

---

[1] BLM now rejects the district court's suggestion that MEIC "must allege a climate-change-related injury to attack the climate change analysis in the NEPA documents underlying the decisions at issue." Dkt. 27 at 9.

In addition to being based on a false factual premise, BLM's motion for remand is based on a flawed legal argument: that non-binding precedent, such as *WildEarth Guardians v. Jewell*, 738 F.3d 298 (D.C. Cir. 2013), justifies a remand.

While MEIC agrees with BLM that the essential reasoning of the D.C. Circuit in *WildEarth Guardians*—that local, surface impacts may supply standing to raise climate change arguments in a National Environmental Policy Act (NEPA) case, as here—is sound, absent a ruling by this Court adopting such reasoning, the district court will remain free to disregard it. In such circumstances, remand is unwarranted. *See Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009) (holding that intervening, non-binding authority does not warrant remand).[2]

Indeed, *WildEarth Guardians* is not the first time the D.C. Circuit has found that the local impacts of an agency action are sufficient to support standing for a challenge to the agency's climate change analysis under NEPA. In *Center for Biological Diversity v. Department of Interior*, the D.C. Circuit allowed the plaintiffs' climate change arguments to proceed even though their standing was based on injuries caused by local impacts from offshore oil and gas activity that would be alleviated by a favorable ruling. 563 F.3d 466, 471-72 (D.C. Cir. 2009).

---

[2] *Kane* was an immigration appeal in which the petitioner asserted that remand was warranted in light of intervening guidance from the United Nations High Commissioner for Refugees. *Id.* at 242. Noting this intervening authority was non-binding, the court rejected the request for remand. *Id.*

*Center for Biological Diversity* was the authority upon which the D.C. Circuit based its standing decision in *WildEarth Guardians*. 738 F.3d at 307. MEIC cited the former case in its district court briefs. D. Ct. Doc. 55 at 3. The district court rejected this authority (albeit somewhat obliquely), it its ruling. ER10-11 n.19. There is no need for the district court to address this issue a second time.

Further, the Petroleum Institute makes clear that if this case is remanded, it will contest adoption of the reasoning from *WildEarth Guardians*. Dkt. 30 at 3. Any ruling on the issue by the district court would inevitably be appealed for resolution of the very issue before this Court now. If the district court again rejects the reasoning of the D.C. Circuit (as it would be free to do) and dismisses MEIC's case without addressing the merits (as it has done already), the case would return to this Court in the identical posture as the instant appeal, raising the identical question as the instant appeal. As such, remand would merely waste the resources of courts and litigants alike. Thus, at this juncture, *WildEarth Guardians*, rather than support BLM's motion to remand, supports the opposite: a clear resolution by the Ninth Circuit as to whether local, surface impacts may support standing to raise climate change arguments in a NEPA case.

The interevening-authority cases cited by BLM all involved intervening decisions that were—unlike *WildEarth Guardians*—binding on the district court. *Guam Soc'y. of Obstetricians & Gynecologists*, 100 F.3d 691, 695 (9th Cir. 1996)

(intervening Supreme Court decision); *Immigration Assistance Project v. INS*, 306 F.3d 842, 855 (9th Cir. 2002) (mentioning in dicta prior remand in light of intervening Ninth Circuit decision); *Cone Corp. v. Hillsborough County*, 5 F.3d 1397, 1398 (11th Cir. 1993) (intervening Supreme Court case).[3] As such, they do not support BLM's argument. Instead they reveal its flaw.

## CONCLUSION

For the foregoing reasons, BLM's motion should be denied. The sole issue presented on appeal—whether local, surface impacts may supply standing for climate change arguments under NEPA—was briefed, argued, and resolved at the district court. In addition, the D.C. Circuit's *WildEarth Guardians* decision, while certainly persuasive, has not yet been formally embraced by the Ninth Circuit, demonstrating that MEIC's appeal should advance and not be remanded back to the district court absent a clear ruling on the standing issue. Remand would only cause needless expenditures of resources by all sides, including the courts.

Respectfully submitted this 14th day of April 2014,

/s/ Erik Schlenker-Goodrich
Erik Schlenker-Goodrich
Western Environmental Law Center

---

[3]  BLM also cites *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc). The cited language regarding remand, however, was accept by only three members of an en banc panel and rejected by five.  *Id.* at 1240, 1248-49; *id.* at 1266 (Graber, J., dissenting). *Detrich* also involved an intervening Supreme Court decision. *Id.* at 1240.

208 Paseo del Pueblo Sur, Unit 602
Taos, New Mexico 87571
575.613.4197
eriksg@westernlaw.org

/s/ Shiloh Hernandez
Shiloh Hernandez
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
406.204.4861
hernandez@gmail.com


/s/ Sarah McMillan
Sarah McMillan
WildEarth Guardians
P.O. Box 7516
Missoula, Montana 59807
406.549.3895
smcmillan@wildearthguardians.org

## CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated April 14, 2014

/s/ Shiloh Hernandez
Shiloh Hernandez