No. 13-35688

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MONTANA ENVIRONMENTAL INFORMATION CENTER; EARTHWORKS' OIL AND GAS ACCOUNTABILITY PROJECT; AND WILDEARTH GUARDIANS,

PLAINTIFFS-APPELLANTS

-v.-

UNITED STATES BUREAU OF LAND MANAGEMENT; SALLY JEWELL; JAMIE CONNELL; AND THERESA M. HANLEY,

DEFENDANTS-APPELLEES

AND

AMERICAN PETROLEUM INSTITUTE; MONTANA PETROLEUM INSTITUTE; MONTANA CHAMBER OF COMMERCE; AND WESTERN ENERGY ALLIANCE,

INTERVENOR DEFENDANTS-APPELLEES

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA (HON. SAM E. HADDEN)

**FEDERAL DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF MOTION TO REMAND**

|  |  |
|---|---|
|  | ROBERT G. DREHER<br>  Acting Assistant Attorney General |
| Of Counsel:<br>KARAN L. DUNNIGAN<br>Field Solicitor<br>Office of the Solicitor<br>U.S. Dep't of the Interior | ANDREW C. MERGEN<br>DAVID C. SHILTON<br>NICHOLAS A. DIMASCIO<br>  Attorneys, U.S. Dep't of Justice<br>  Env't & Natural Resources Div.<br>  999 18th St., Suite 370<br>  Denver, CO  80202<br>  (303) 844-1384 |

## INTRODUCTION

In the motion to remand, Appellees United States Bureau of Land Management, et al. ("BLM"), requested that this Court remand so that the district court may conduct an appropriate factual analysis of plaintiffs' standing in this case under *WildEarth Guardians v. Jewell*, 738 F.3d 298 (D.C. Cir. 2013) ("*WEG v. Jewell*").  BLM also suggested that if the district court were to find, in light of *WEG v. Jewell,* that standing was established, it should go on to resolve the merits of the case.

Plaintiffs-Appellants Montana Environmental Information Center, et al. ("plaintiffs") respond that their theory of standing based on alleged injuries caused by surface impacts unrelated to greenhouse gas emissions was "briefed, argued, and resolved at the district court," and that "remand on the basis of intervening non-binding authority is unsupported at law and unwarranted here."  Plaintiffs' Response to Motion to Remand at 1.  The Intervenors-Defendants also contend that remand is unnecessary, and assert that the standing issue presented here "is a legal question that was both presented below and developed on appeal."  Intervenor-Appellees' Response to Motion to Remand at 1.

1

These responses in no way indicate that a remand would be inappropriate in the circumstances of this case.

## ARGUMENT

### 1. The district court's decision leaves important issues unresolved.

Both plaintiffs and intervenors miss the fundamental point that the district court did not consider whether plaintiffs could demonstrate standing based on injuries stemming from sources other than climate change. The district court focused entirely on climate change as the mechanism allegedly causing injury to plaintiffs. *See* ER 21 (plaintiffs "have not demonstrated that the sale of the oil and gas leases at issue will lead to climate change impacts resulting in injury to their recreational and aesthetic interests in lands near the leases"). The district court did not consider whether plaintiffs showed injury from agents other than climate change that could fairly be attributed to the challenged actions of BLM. The limited scope of the district court's ruling was based on its understanding that "all of Plaintiffs' claims are based upon climate change impacts," not "surface disturbance or on-the-ground activities associated with oil and gas development that are wholly independent of alleged climate change impacts." ER 10–11 n.19.

Accordingly, plaintiffs and intervenors err to the extent they claim that the district court resolved the standing issues that BLM's motion seeks to have remanded.

### 2. This court should exercise its discretion to remand in the interests of judicial efficiency.

The cases cited in BLM's motion at 6-7 show that this Court may exercise its discretion to remand where an important development has occurred that should be considered in the first instance by the district court, because this Court "operate[s] more effectively as a reviewing court than as a court of first instance." *Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc). Here, the district court's standing analysis substantially relied on the reasoning of the district court decision in *WildEarth Guardians v. Salazar,* 880 F. Supp. 2d 77, 84 (D. D.C. 2012) ("*WEG v. Salazar*"), *rev'd*, *WEG v. Jewell,* 738 F.3d 298 (D.C. Cir. 2013). *See* ER 16-17 (district court cites *WEG v. Salazar* for proposition that causation element of standing could not be established where "[p]laintiffs' recreational and aesthetic interests are uniformly local" while "[t]he effects of [greenhouse gas] emissions are diffuse and unpredictable"); *see also* ER 20 (district court cites *WEG v. Salazar* in concluding that causation element had not been established where no

3

showing had been made that [greenhouse gas] emissions would yield a "demonstrable increase in risk" to plaintiffs' recreational and aesthetic interests in lands adjacent to the lease tracts). After this case was appealed, the D.C. Circuit overruled *WEG v. Salazar* in relevant part, holding that it improper to require "that the specific type of pollution causing the Appellants' aesthetic injury * * * be the same type that was inadequately considered" in the agency's NEPA document; namely, greenhouse gas emissions. *WEG v. Jewell,* 738 F.3d at 307.

Assuming the D.C. Circuit is correct (as we believe it is), plaintiffs may demonstrate standing to challenge the global warming analysis in the EIS based on injuries unrelated to global warming, if they can demonstrate that those injuries meet the applicable standing tests, including that the injuries are reasonably attributable to the challenged actions of defendants. The district court has not engaged in this analysis, and should be given a chance to do so.

We recognize that *WEG v. Jewell* is not binding on this Court, but the D.C. Circuit's reversal of a significant pillar supporting the district

4

court's standing analysis is by any measure an important development.[1] If the district court here were to find that the ruling in *WEG v. Jewell* is consistent with Ninth Circuit precedent on standing to challenge NEPA compliance, which we believe is highly likely, and finds that plaintiffs have made an adequate factual showing of injury based on mechanisms other than climate change, then the district court will be in a position to reach the merits of the plaintiffs' NEPA claims. While we do not believe that the district court will find any deficiencies in the NEPA compliance for the challenged leases, if it did it would then be called on to consider what relief might be appropriate in light of the limited claims of injury made by the plaintiffs here.

All of these issues should be resolved by the district court before this Court is required to review the case. In a variety of contexts, this Court has referred to "the 'historic federal policy against piecemeal appeals.'" *Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004), quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956); *see also In re Lorillard Tobacco Co.,* 370 F.3d 982, 988 (9th Cir. 2004) (referencing

---

[1] The ruling in *WEG v. Jewell* was recently followed in a District of Columbia District Court case with similar facts. *WildEarth Guardians v. Bureau of Land Management,* \_\_F. Supp. 2d \_\_, 2014 WL 1285505, *7 (D.D.C. 2014).

"strong policy concerns in favor of respecting the 'integrity of the congressional policy against piecemeal appeals'"), *quoting Switzerland Cheese Ass'n. v. E. Horne's Mkt., Inc.,* 385 U.S. 23, 25 (1966).  The desire of plaintiffs and intervenors to continue this appeal without a remand is contrary to that "strong policy," since it will require a full appeal on the standing issue and then very possibly an appeal regarding merits or remedy issues at some later point.  The more efficient alternative is to remand for a redetermination of the standing issue in light of *WEG v. Jewell*, and then a ruling by the district court on the merits if standing is found to exist.

## CONCLUSION

For the foregoing reasons and those stated in the Motion to Remand, this Court should remand to the district court.

Respectfully submitted,

ROBERT G. DREHER
 Acting Assistant Attorney General

*/s/David C. Shilton*
DAVID C. SHILTON
U.S. Department of Justice
Environment & Natural Res. Div.
P.O. Box 7415
Washington, DC 20044
(202) 514-5580

April 18, 2014
90-1-4-13364

7

## CERTIFICATE OF COMPLIANCE WITH PAGE LIMITATION

This motion complies with the page limitation set forth in Rule 27(d)(2) of the Federal Rules of Appellate Procedure, as it is less than 10 pages in length.

                */s/David C. Shilton*
                DAVID C. SHILTON
                U.S. Department of Justice
                Environment & Natural Res. Div.
                P.O. Box 7415
                Washington, DC 20044
                (202) 514-5580