No. 13-35688

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Montana Environmental Information Center; Earthworks' Oil and Gas Accountability Project; and WildEarth Guardians,

Plaintiffs-Appellants

-v.-

United States Bureau of Land Management; Sally Jewell; Jamie Connell; and Theresa M. Hanley,

Defendants-Appellees

American Petroleum Institute; Montana Petroleum Institute; Montana Chamber of Commerce; and Western Energy Alliance,

Intervenor Defendants-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA (HON. SAM E. HADDEN)

**FEDERAL APPELLEES' SUGGESTION OF PARTIAL MOOTNESS**

SAM HIRSCH
Acting Assistant Attorney
General

NICHOLAS A. DIMASCIO
DAVID C. SHILTON
  Attorneys, U.S. Dep't of Justice
  Env't & Natural Resources Div.
  P.O. Box 7415
  Washington, DC  20044
  (202) 514-5580

# INTRODUCTION

The Federal Appellees, United States Bureau of Land Management, et al. ("BLM") respectfully suggest that certain aspects of this case have become moot. Specifically, two of the BLM field office decisions that are challenged in this case no longer present any live controversy, because none of the parcels authorized for lease by those decisions have active leases on them. In addition, some of the leases that plaintiffs rely on for purposes of establishing standing have been terminated or cancelled. These developments are described in the Declaration of Merry Prestridge, a Land Law Examiner for the BLM Montana State Office, attached as Exhibit 1.

# ARGUMENT

The Constitution requires that courts decide legal questions in the context of actual "cases" or "controversies." U.S. Const., art. III, § 2. If a case is moot, the court lacks jurisdiction to hear the claims. *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1990). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008)

1

(quotation marks omitted). "A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Headwaters*, 893 F.2d at 1015 (internal quotation marks and alterations omitted); *see also Oregon Natural Resources Council, Inc. v. Grossarth*, 979 F.2d 1377, 1379 (9th Cir. 1992) (finding challenge to a canceled timber sale was moot).

BLM does not claim that this controversy as a whole is moot, but does wish to bring to the Court's attention that some aspects of the controversy appear to be moot.[1] *See, e.g., United States v. Geophysical Corp. of Alaska,* 732 F.2d 693, 698 (9th Cir. 1984) (finding case moot with regard to certain permits that had expired, but not moot as to other permits under which government could still require disclosure of

---

[1] Facts relating to possible mootness can be brought before the Court at any time. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 23 (1997) ("[i]t is the duty of counsel to bring to the federal tribunal's attention, without delay, facts that may raise a question of mootness"); *see also Seven Words LLC v. Network Solutions,* 260 F.3d 1089, 1094 - 1095 (9th Cir. 2001).

2

data). Specifically, as described in the attached Prestridge Declaration at ¶¶ 8 & 9, only five of the parcels authorized by a challenged decision of the Butte Field Office were leased, and all five of those leases have been terminate due to failure to make annual rental payments. With regards to a Lewistown Field Office decision to offer parcels for lease, BLM did not receive a bid at the competitive lease sale or a noncompetitive offer within two years of that sale, and hence there are no active leases authorized by that decision. To the extent a case or controversy existed with respect to the decisions of the Butte and Lewistown Field Offices to offer parcels for lease, it has "evaporated or disappeared," *Headwaters*, 893 F.2d at 1015.

While other BLM Field Office decisions challenged by plaintiffs have active leases remaining, some of the specific leases that plaintiffs' standing declarants complained about have been terminated or cancelled. *See* Prestridge declaration at ¶¶ 6 & 7; *see also* Answering Brief of BLM at 21-23. Any threat of injury that may have resulted from issuance of those leases has evaporated, raising questions of both mootness and lack of standing. As explained in BLM's Answering Brief, those questions should be addressed initially by the district court.

3

        Respectfully submitted,

        SAM HIRSCH
        Acting Assistant Attorney General

        */s/David C. Shilton*
        DAVID C. SHILTON
        NICHOLAS A. DIMASCIO
        Attorneys, U.S. Dep't of Justice
        Env't & Natural Resources Div.
        P.O. Box 7415

June 6, 2014        Washington, DC  20044
90-1-4-13364        (202) 514-5580
        david.shilton@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, I electronically filed the foregoing Suggestion of Partial Mootness with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ David C. Shilton*
DAVID C. SHILTON
Attorney, U.S. Dep't of Justice
 Env't & Natural Resources Div.
 P.O. Box 7415
 Washington, DC  20044
 (202) 514-5580

# EXHIBIT 1

No. 13-35688

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Montana Environmental Information Center; Earthworks' Oil and Gas Accountability Project; and WildEarth Guardians,

Plaintiffs-Appellants

-v.-

United States Bureau of Land Management; Sally Jewell; Jamie Connell; and Theresa M. Hanley,

Defendants-Appellees

and

American Petroleum Institute; Montana Petroleum Institute; Montana Chamber of Commerce; and Western Energy Alliance,

Intervenor Defendants-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA (HON. SAM E. HADDEN)

**DECLARATION OF MERRY PRESTRIDGE**

I, Merry Prestridge, hereby declare as follows:

I have personal knowledge of the matters set forth herein and if called to testify I could and would testify competently thereto.

1

1. I am a Land Law Examiner for the Fluids Adjudication Section, Montana State Office (MSO), Bureau of Land Management (BLM). I have held that position since October 28, 2007, and I am a sale lead for the oil and gas lease sales. As such, I am responsible for initiation of the oil and gas lease sale process, review of parcels, preparation and posting of the sale notice and issuance of leases. I have worked for the BLM since September 26, 1999.

2. I am familiar with the decisions rendered by six BLM field offices in Montana in December 2010, which together lifted or partially lifted suspensions on 47 oil and gas leases and offered 119 new parcels for lease in Montana.

3. I am familiar with plaintiffs' lawsuit challenging the decisions by the six BLM field offices and the standing declarations filed by several individuals who belong to the plaintiff organizations.

4. I have reviewed the Decision Records which lifted the suspensions or partially lifted the suspensions on existing leases. Suspensions were lifted or partially lifted on 47 existing leases in Montana.

5. I have also reviewed the Decision Records which authorized parcels to be offered for lease, and I have reviewed the December 2010 oil and gas lease sale to determine which parcels were sold as a result of the sale. BLM offered 119 parcels for lease in Montana. Of the 119 parcels offered for lease in Montana, 78 leases were issued as a result of the sale. One non-competitive lease was composed of two parcels. The remaining 40 parcels were never leased.

6. I have reviewed the serial register pages and lease files for the 47 leases where a suspension was lifted or partially lifted, and two of those leases were later cancelled for failure to pay rentals. Cancellation of an oil and gas lease can occur for a variety of reasons (43 CFR 3108.3). In this case, the lessees were notified that the suspension of operations and production was lifted and that additional rental was due by a specific date. When they did not comply, the leases were cancelled. I have reviewed the serial register pages and lease files for the 78 leases that were issued as a result of the sale, and ten of the leases were terminated for failure to pay

3

rentals. Termination of an oil and gas lease is automatic when the annual rental is not timely received (30 U.S.C. 188). BLM has no discretion in the matter and merely notifies the lessee of this occurrence. Such termination is triggered solely by failure of a lessee to submit the rental timely.

7. A number of leases were specifically identified in the standing declarations filed by Steve Gilbert, George Wuerther, Wade Sikorski, Jeremy Nichols and Jim Jensen. The following leases identified in the standing declarations have been terminated or cancelled:

- MTM 101283 (terminated 02/01/2013);
- MTM 101284 (terminated 02/01/2013);
- MTM 101285 (terminated 02/01/2013);
- MTM 101286 (terminated 02/01/2013);
- MTM 101287 (terminated 02/01/2013);
- MTM 98072 (cancelled 05/19/2011);
- MTM 98073 (cancelled 05/19/2011).

8. The Butte Field Office Decision Record authorized 33 parcels to be offered for lease at the December 2010 oil and gas lease sale. None of the parcels received bids at the sale. Five of the parcels received day-after-the-sale offers. These five leases terminated February 1, 2013, due to non-payment of rentals. The 28 remaining parcels were available for non-competitive offer for two years following the date of the sale. That time period has expired and no offers were received. Therefore, none of the 33 parcels authorized by the Butte Field Office Decision Record to be offered for lease are active.

9. The Lewistown Field Office Decision Record authorized four parcels to be offered for lease at the December 2010 oil and gas lease sale. None of the parcels received bids at the sale. None of the parcels received day-after-the-sale offers. The parcels were available for non-competitive offer for two years following the date of the sale. That time period has expired and no offers were received. Therefore, none of the four parcels authorized by the Lewistown Field Office Decision Record to be offered for lease are active.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of June, 2014.

*Merry Prestridge*
Merry Prestridge, Land Law Examiner
Fluids Adjudication Section, MSO, BLM